UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENE EDWARD EVANS, | ) | 1:09-CV-01857 AWI GSA HC |
| | ) | |
| Petitioner, | ) | ORDER REGARDING PETITIONER'S |
| | ) | OBJECTIONS TO RESPONDENT'S |
| v. | ) | ACCESS TO PETITIONER'S MENTAL |
| | ) | HEALTH RECORDS |
| | ) | |
| JAMES A. YATES, | ) | [Doc. #21] |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On October 2, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On December 30, 2009, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on February 25, 2010. Respondent filed a reply to the opposition on April 8, 2010.

In Petitioner's opposition, he claims he is entitled to equitable tolling because he suffers from mental health impairments. On March 4, 2010, Respondent requested additional time in order to secure Petitioner's mental health records to enable Respondent to meaningfully respond to Petitioner's claim for tolling. Petitioner objected to the disclosure of his mental health records to the Court on March 17, 2010. In his reply, Respondent submits he is unable to address Petitioner's claims without the medical records and therefore proposes that Petitioner has chosen to abandon his claim for equitable tolling.

1    The Court finds Respondent's arguments to be persuasive. Mental incompetency can rise to
2 the level of an "extraordinary circumstance" warranting equitable tolling. <u>Laws v. Lamarque</u>, 351
3 F.3d 919, 923 (9th Cir.2003). Without Petitioner's mental health records, however, Respondent is
4 unable to respond to the claim and this Court is unable to evaluate the claim. Therefore, the Court
5 will grant Petitioner an opportunity to withdraw his objection. If he does so, the Court will grant
6 Respondent an opportunity to respond to Petitioner's arguments. If he does not, the Court will
7 proceed on the assumption that Petitioner has opted to abandon his claim for equitable tolling on the
8 basis of mental incompetence.

9                                              **ORDER**

10    Accordingly, IT IS HEREBY ORDERED:

11    1) Petitioner is GRANTED fourteen (14) days from the date of service of this order to
12 withdraw his objection.

14    IT IS SO ORDERED.

15    Dated:   **April 15, 2010**          **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE