UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GENE EDWARD EVANS, | ) | 1:09-cv-01857 AWI GSA HC |
|---|---|---|
| Petitioner, | ) ) | ORDER DISMISSING SUPPLEMENTAL MOTION |
| v. | ) ) | [Doc. #35] |
| JAMES A. YATES, | ) ) | ORDER DISMISSING PETITIONER'S MOTION FOR RECONSIDERATION |
| Respondent. | ) ) | [ Doc. #38] |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus on appeal to the Ninth Circuit Court of Appeal pursuant to 28 U.S.C. § 2254.

    On September 15, 2010, this Court issued an order granting Respondent's motion to dismiss for violation of the statute of limitations. Judgment was entered the same date. On September 17, 2010, Petitioner filed a supplemental motion in support of his traverse. Because the case was already dismissed at the time Petitioner's supplemental motion was filed, the supplemental motion will be dismissed as moot.

    On October 15, 2010, Petitioner filed a notice of appeal. The appeal was processed to the Ninth Circuit Court of Appeal on October 21, 2010. Shortly thereafter, on October 25, 2010, Petitioner filed a motion for reconsideration. Petitioner is advised that the notice of appeal effectively deprived this Court of jurisdiction to rule on Petitioner's motion for reconsideration of its

prior decision. Generally, the filing of a notice of appeal divests the district court of jurisdiction with respect to all matters involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Bermudez v. Duenas, 936 F.2d 1064, 1068 (9th Cir.1991); Gould v. Mutual Life Insurance Company of New York, 790 F.2d 769, 772 (9th Cir.1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984); Davis v. United States, 667 F.2d 822, 824 (9th Cir.1982). A district court does have discretion to entertain a motion for reconsideration even though an appeal has been taken, but only after an appellate mandate has issued. Gould, 790 F.2d at 773 ("Once an appellate mandate has issued, leave of . . . [the Court of Appeal] is not required for district court consideration of Rule 60(b) motion"). The court notes that Rule 4 of the Rules of Appellate Procedure allows the court to rule on certain post-judgment motions. However, Rule 4 applies to Rule 60 motions filed no later that 28 days after the entry of judgment. Here, Petitioner's Rule 60 motion was filed 40 days after the entry of judgment. Because the appeal is pending in the Ninth Circuit, this Court is without jurisdiction to rule on Petitioner's motion.

**ORDER**

Accordingly, Petitioner's supplemental motion in support of his traverse and his motion for reconsideration are hereby DISMISSED.

IT IS SO ORDERED.

Dated:   November 13, 2010

CHIEF UNITED STATES DISTRICT JUDGE